UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GREEN INVESTMENT PARTNERS, LLC**, *et al.*,

          **Plaintiffs**,

  v.

**EYE LIGHTING INTERNATIONAL OF NORTH AMERICA, INC.**,

          **Defendant.**

Case No. 2:24-cv-1032
JUDGE EDMUND A. SARGUS
Magistrate Judge Kimberly A. Jolson

### ORDER

This matter is before the Court on Defendant Eye Lighting International of North America, Inc.'s Motion to Remand. (ECF No. 4.) Plaintiffs Green Investment Partners, LLC, Green Investment Partners Asset Management, LLC, and Dorchester Insurance Company do not oppose this Motion. (*Id.*) For the reasons below, the Court **GRANTS** the unopposed Motion.

Green Investment Partners, LLC filed this Complaint in the Franklin County Court of Common Pleas on February 1, 2024. (ECF No. 1-1.) Defendant removed the case to this Court on March 4, 2024 on the basis of diversity jurisdiction. (Not. of Removal, ECF No. 1, PageID 3.) Defendant represented that removal was proper because it was a corporation headquartered and incorporated in Ohio, and Plaintiff Dorchester Insurance Company is an insurance company incorporated in California, with its principal place of business in the United States Virgin Islands. (*Id.*) Defendant also explained the amount in controversy exceeded $75,000 because the Complaint seeks damages in the amount of $884,440.45. (*Id.*)

But subject matter jurisdiction based on diversity of citizenship requires complete diversity of citizenship between all plaintiffs on one side of the action and all defendants on the other side. *See* 28 U.S.C. § 1332; *see also Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 664 (6th

1

Cir. 2004). Defendant only alleges that one of three Plaintiffs—Dorchester Insurance Company—is diverse from Defendant. Defendant has not provided the Court with the citizenship of each member and sub-member of the LLCs. (*See* Not. of Removal.) *See Akno 1010 Mkt. St. St. Louis Mo. LLC v. Nahid Pourtaghi*, 43 F.4th 624, 627 (6th Cir. 2022) (explaining that a limited liability company has the citizenship of all of its member and sub-members and thus when an LLC is a party in a diversity action, the court must know of the citizenship of each member and sub-member) (citing *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009)).

After a review of the pleadings, the Court has reason to believe that complete diversity is lacking. When the Court's subject matter jurisdiction is uncertain, as it is here, then it must strictly construe the removal statutes and resolve any doubts in favor of remand. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941) (calling for strict construction of statutes regulating the jurisdiction of federal courts); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999).

Accordingly, the Court **GRANTS** Defendant's unopposed Motion to Remand (ECF No. 4), and **REMANDS** this case to the Franklin County, Ohio Court of Common Pleas. The Clerk is directed to terminate this case from the Court's docket.

    **IT IS SO ORDERED.**

**10/2/2024**                                                                                **s/Edmund A. Sargus, Jr.**
**DATE**                                                                                 **EDMUND A. SARGUS, JR.**
                                                                                     **UNITED STATES DISTRICT JUDGE**